UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAYMOND JOHN ROMERO, JR et al.<br>Plaintiffs,<br>v.<br>ALASKA AIRLINES, INC. et al.,<br>Defendants. | CASE NO. 2:26-cv-00786-LK<br>ORDER TO SHOW CAUSE |

This matter comes before the Court sua sponte. On March 9, 2026, this case was transferred into this District from District Court for the Central District of California, Los Angeles. Dkt. No. 18. Counsel for each of the named Defendants (Alaska Airlines, Boeing, and Spirit AeroSystems) entered appearances, *see* Dkt. Nos. 21, 22, 28, 32, but no counsel has appeared for Plaintiffs Raymond John Romero, Jr. and Merisa Neri Horta Gonzalez, despite the fact that they stipulated to the transfer and knew they would have to comply with this District's Local Civil Rules upon transfer, Dkt. No. 16.[1] As relevant here, Local Civil Rule 83.1(d)(1) lays out the requirements to

[1] Only Mr. Romero is named on the Court's docket. He was originally named as the sole Plaintiff, Dkt. No. 1-1, and

practice before this court: Any attorney who wishes to practice in this court must either seek admission to the bar of this court or permission to participate *pro hac vice*, which requires representation by local counsel.

The Law Offices of Jacob Emrani has purported to represent Plaintiffs throughout this case. In the initial complaint, filed in state court on January 5, 2026, attorney Gabriel A. Clift with the Emrani firm was listed as Mr. Romero's attorney. Dkt. No. 1-1 at 2. In the amended complaint, also filed in state court on January 12, 2026, attorney Robert L. Booker II with the Emrani firm was listed as Plaintiffs' attorney. Dkt. No. 15-1 at 2. Although the case was transferred to this district over six months ago, Plaintiffs' counsel have done nothing to comply with Local Civil Rule 83.1(d)(1), and instead have violated both that rule and Local Civil Rue 11(a)(6), which permits filings to be signed with the "s/[Name]" convention only if the lawyer is "admitted to the bar of this court," or is "admitted pro hac vice (or seeking pro hac vice admission) in the matter in which the signature is submitted." For example, on May 8, 2026, the parties filed a stipulated motion regarding the case schedule, which was signed using the s/[name] convention by Mr. Booker II, who is the sole attorney listed for Plaintiffs despite never having appeared in this matter and never being admitted to practice in this court. Dkt. No. 33 at 3–4. He also signed the parties' subsequent joint status report in the same manner, where he was again the sole attorney listed for Plaintiffs. Dkt. No. 38 at 3.

On August 12, 2026, the Court entered a minute order noting that "Plaintiffs' counsel has not complied with LCR 11(a)(6) or 83.1(d)(1)" and ordering that the "defect must be corrected within 21 days; otherwise, the Court will treat Plaintiffs as proceeding pro se and may impose sanctions." Dkt. No. 43. This order was electronically delivered to Mr. Clift. Plaintiffs' counsel

---

Ms. Gonzalez, his wife, was added in the first amended complaint, Dkt. No. 15-1.

did not cure the defect, so on September 2, 2026, the Court struck the parties' Joint Status Report, Dkt. No. 38, "because it was not signed by Plaintiff[s], who [are] proceeding pro se in this matter." Dkt. No. 44. The Court also ordered the parties (including the pro se Plaintiffs) to file a joint status report by September 18, 2026, apprising the Court of "the status of the Parties' efforts to resolve the matter through mediation and, if needed, proposing a case schedule." *Id.* By September 18, 2026, no joint status report had been filed. Instead, Defendants unilaterally submitted a status report and discovery plan, indicating that they "attempted to confer with Plaintiffs regarding this Plan and Report and have likewise sought their permission to submit the Plan and Report jointly from all parties but have been unable to do so." Dkt. No. 45 at 1.

Plaintiffs' and their counsel's violations of this Court's rules and orders are unacceptable. Accordingly, Plaintiffs—who, again, are proceeding pro se in this matter, as no attorney has entered an appearance on their behalf in this Court for over six months—are ORDERED TO SHOW CAUSE why this case should not be dismissed for failure to prosecute and failure to abide by the Court's rules and orders. Separately, Mr. Booker II and Mr. Clift are ORDERED TO SHOW CAUSE why they should not be barred from practice in this Court and/or referred to the California State Bar for their repeated and ongoing violations of this Court's rules and orders. The responses are due within 28 days of this Order.

Defendants must serve this Order on Mr. Booker II and Mr. Clift and submit proof of service on the docket within seven days of this Order. Mr. Booker II and Mr. Clift must serve this order on their clients and submit proof of service on the docket within 14 days of this Order.

Dated this 22nd day of September, 2026.

Lauren King
United States District Judge